■ In the Matter of JOSEPH S. FINLEY et al., Respondents, v. JOHN J. GARDNER et al., Constituting the Board of Appeals on Zoning in the City of New Rochelle, Appellants. ASSOCIATED YM-YWHA's OF GREATER NEW YORK, INC., Intervenor-Appellant.— In a proceeding under article 78 of the CPLR to review and annul a determination of the Zoning Board of Appeals of the City of New Rochelle, dated December 4, 1963, granting a special permit to the intervenor for the construction and operation of an annual membership club and facilities on certain premises, the said board and the intervenor, by per-

mission of a Justice of this court, appeal from an order of the Supreme Court, Westchester County, entered May 18, 1964 upon the court's opinion, which: (a) annulled the said determination and the special permit granted pursuant thereto, and (b) remitted the proceeding to the said board for the purpose of holding a hearing and making a determination which will limit the intervenor's membership and which will otherwise be consistent with the said opinion of the court. Order reversed on the law and the facts, with costs; petition dismissed; determination of the Zoning Board of Appeals confirmed; and the special permit reinstated. Findings of fact contained or implicit in the decision of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. It is our opinion and we find that the intervenor is a membership club and that its proposed building will not be used for an activity commonly conducted as a business, despite the fact that the intervenor does intend to conduct a nursery school and a music school in the building and to charge tuition for such schooling (*Matter of Van Kohorn* v. *Morrell*, 9 N Y 2d 27; *Matter of Five Towns YM & YWHA* v. *Plaut*, 7 A D 2d 646; *YM & YWHA of Mid-Westchester* v. *Town of Eastchester*, 201 N. Y. S. 2d 622). It is also our opinion that the provision of the ordinance with respect to the number of lockers and members does not apply to a membership club such as the intervenor corporation. This conclusion is compelled, not only by the language of the ordinance, but by its legislative history and its administrative interpretation. Of course, the intervenor must comply with any other provision of the ordinance which is applicable to it. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.